■ In the Matter of PATRICIA VAILLANCOURT, Appellant, v PUTNAM COUNTY, Respondent. [671 NYS2d 687] —In a proceeding pursuant to CPLR article 78 to compel the respondent, Putnam County, to implement a determination of a Grievance Committee, dated July 1, 1996, which is in favor of the petitioner with regard to a grievance pursuant to a collective bargaining agreement, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Sweeny, J.), dated March 21, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondent is directed to implement the determination of the Grievance Committee, dated July 1, 1996, in favor of the petitioner.

The petitioner filed a grievance against the respondent Putnam County (hereinafter the County), pursuant to the terms of a collective bargaining agreement, after the County refused to grant her a lateral transfer from the Department of Mental Health to the Department of Social Services. After the County prevailed at the first and second steps of the five-step grievance procedure, the petitioner proceeded to step three by appealing to the Grievance Committee. Although the Grievance Committee sustained the grievance, the Commissioner of the Department of Social Services refused to implement the determination in the petitioner's favor. Despite correspondence from the petitioner's union requesting that the Grievance Committee's determination be implemented, the County Executive refused to take any action.

The petitioner commenced this proceeding to compel the County to implement the Grievance Committee's determination in her favor. The Supreme Court dismissed the proceeding based on its conclusion that the collective bargaining agreement required mutual consent to settle any grievance without proceeding to arbitration at the fifth stage of the grievance procedure. The court reasoned that by failing to complete the grievance process, the petitioner had failed to exhaust her administrative remedies.

We disagree. While the collective bargaining agreement provided for an appeal by the grievant or the union to the County Executive at step four of the grievance procedure in the event that the Grievance Committee dismissed the grievance, the agreement did not afford the County the same right in the event that the Committee sustained the grievance. Therefore, at the point that the Grievance Committee sustained the petitioner's grievance, the grievance was resolved and the procedure was complete. Contrary to the Supreme Court's reading of the agreement, it does not require mutual consent to resolve a grievance prior to arbitration. We conclude that the petitioner was entitled to enforcement of the determination in her favor (*see, Matter of Antonopoulou v Beame,* 32 NY2d 126). Altman, J. P., Krausman, Florio and Luciano, JJ., concur.